IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

| | |
|---|---|
| **TARA B. HESTER**, | CASE NO.: 1:23-cv-496 |
| Plaintiff, | |
| v. | JUDGE: _____ |
| **MICHAEL L. GORDON**, | |
| -&- | |
| **MICHAEL L. GORDON, D.M.D. INC.**, | **JURY DEMANDED** |
| Defendants. | |

## COMPLAINT

Plaintiff Tara B. Hester ("Plaintiff") brings this action against Michael L. Gordon ("Defendant Gordon") and Michael L. Gordon, D.M.D. Inc., ("Defendant Inc.") (Collectively, "Defendants") to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Section 203, 207, and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. §216(b). Plaintiff seeks all available relief under the Ohio Minimum Fair Wage Standards Act, O.R.C. §4111 et seq., (the "Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), O.R.C. §4113.15 (the Ohio Wage Act and the OPPA will be collectively referred to as the "Ohio Acts"), and O.R.C. §2307.60.

1

### I. JURISDICTION & VENUE

1. Plaintiff re-alleges, and incorporates by reference, the above paragraphs as if fully set forth herein.

2. The jurisdiction of this Court is invoked pursuant to federal question jurisdiction under 28 U.S.C. §1331, in that this case arises under a federal law of the United States.

3. This Court has supplemental jurisdiction over Plaintiff's Ohio state law claims pursuant to 28 U.S.C. §1367 because these claims are so related to Plaintiff's claims under the FLSA that they form part of the same controversy.

4. Venue in the Southern District of Ohio is proper pursuant to 28 U.S.C. §1391 (b) because Defendants' principal place of business is within Hamilton County, Ohio.

### II. PARTIES

5. Plaintiff Tara Hester is an individual and resident of Ohio, residing at 9523 Yellowwood Drive, Cincinnati, Ohio 45251.

6. Defendant Michael L. Gordon, D.M.D. Inc. ("Defendant Inc.") is a for-profit organization registered in the state of Ohio and maintains two (2) principal places of business is located at 3544 Springdale Road, Cincinnati, Ohio 45251 and 2575 US-22, Maineville, Ohio 45039. Process may be served upon its statutory agent, Michael L. Gordon, at 3544 Springdale Road, Cincinnati, Ohio 45251.

7. Defendant Michael L. Gordon ("Defendant Gordon") is, upon information and belief, the owner and manager of Defendant Inc. and is an adult residing at 4013 Royal Dornoch Lane, Mason, OH 45040-8329. Process may be served upon him at his listed residential address.

### III. STATEMENT OF FACTS

8. Plaintiff re-alleges, and incorporates by reference, the above paragraphs as if fully set forth herein.

9. During all times material to this Complaint, Defendants acted directly or indirectly in the interest of a joint employer with respect to Plaintiff.

10. During all times material to this Complaint, Defendants were a joint "employer" within the meaning of the FLSA, the Ohio Constitution, and the Ohio Acts.

11. During all times material to this Complaint, Defendants were a joint enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), in that said joint enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done or note less than $500,000.00 per year (exclusive of excise taxes at the retail level).

12. During all times material to this Complaint, Plaintiff had been Defendants' employee pursuant to the Ohio Constitution and the Ohio Acts and have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. 206-207.

13. Defendants are in the business of utilizing its employees to provide services for Defendants' patients such as dental care and services.

14. Generally (and per its Articles of Organization), Defendant Inc.'s business purpose is to practice the profession of dentistry, and related consultations and services.

15. On February 16, 2012, Defendants hired Plaintiff to work as a non-exempt employee for Defendants in Defendants' two (2) dental offices.

16. Upon her hire, Defendants jointly determined Plaintiff's pay rate and method of payment while also maintaining supervision and control over Plaintiff's work schedule.

17. In Defendants' non-exempt dental assistant position, Plaintiff was required to travel between Defendants' offices. There, Plaintiff was expected to do the following for Defendants' patients: prepare for appointments, perform dental care, inform patients on dental care, perform receptionist duties, among many other services, including unclogging toilets.

18. Plaintiff spent more than twenty percent (20%) of their workweek performing the above services for Defendants' patients.

19. Defendant directly employed and paid Plaintiff to provide care and services to Defendants' patients such as making sure operation rooms were prepared, performing maintenance on routine equipment, brushing teeth, going over proper care with patients, calling patients, cleaning the office, helping with reception work, filling in for receptionists, and other tasks.

20. As a non-exempt employee, Plaintiff was paid by Defendants at a rate of $24.50 per hour.

21. At all times relevant to this Complaint, Plaintiff was hired to work five (5) days a week, Monday through Thursday at least ten hours a day, and on Friday when Defendant Gordon worked out of Childrens Hospital on Fridays she would work at least four (4) hours on Friday, two (2) or thee (3) Fridays a month.

22. Defendants required and directed Plaintiff to work after she clocked out at the end of her shift, sometimes as late as 7:30 pm.

23. Defendants required Plaintiff to travel to Defendants' other office, the Landen, Ohio location, where she would work. She would carry with her a box full of charts or whatever other items Defendants needed her to transport. While she was traveling, she was not clocked into the computer system.

24. Defendants regularly required and directed Plaintiff to perform work or travel between offices during her unpaid lunch.

25. Defendants did not pay Plaintiff for any time she was required to work outside of the time she was clocked into the computer.

26. Despite regularly working in excess or forty (40) hours per workweek, Plaintiff was not paid at the appropriate overtime rate (150% her regular rate) for her overtime hours worked.

27. Rather, it is Defendants' joint practice and policy to pay Plaintiff at her regularly hourly rate for *all* hours worked in a workweek, even those hours worked in excess of forty (40). This joint practice and policy results in Plaintiff not being paid at the proper overtime rate for all her hours worked in excess of forty (40) in a workweek.

28. The services rendered by Plaintiff at the direction of Defendants are an integral part of Defendants' joint business, as maintaining routine equipment, preparing the operations room, performing dental care, informing patients of proper dental care, making and taking phone calls, as well as performing other tasks all serve to further the pursuit of Defendants' business purpose of providing dental care and services to Defendants' patients.

29. Plaintiff was not in business for herself, but was, rather, an integral part of Defendants' joint business operations.

30. Plaintiff was economically dependent upon Defendants for all her work and for the payment of her living expenses.

31. At all times material to this Complaint, Plaintiff's payments were jointly controlled by Defendants.

32. As a dental assistant, Plaintiff was an hourly, non-exempt employee of Defendants as defined by the FLSA and the Ohio Acts.

33. Upon information and belief, Plaintiff made numerous complaints to Defendant Gordon regarding not being paid adequately for her hours worked. However, these complaints were to no avail.

34. Plaintiff was required to regularly work between forty (40) and fifty (50) hours per workweek for nearly her entire employment with Defendants, yet she was never paid 150% of her regular rate for all hours she worked in excess of forty (40) in a workweek.

35. The unpaid work performed by Plaintiff, both at her regular rate and the hours she worked in excess of forty (40) in a workweek that should have been paid at one and one-half times her regular rate, directly benefit Defendants by reducing the cost of labor for Defendants who willfully withheld compensation for that work from Plaintiff.

36. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered and continues to suffer a loss of income due to Defendants' willful federal and Ohio wage violations.

37. The FLSA and the Ohio Wage Act requires Defendants to pay overtime compensation to its employees at the rate of one and one-half times her regular rate for the hours they worked in excess of forty (40). 29 U.S.C. 207; O.R.C. §4111.03, §4111.10.

38. Plaintiff was not in a job classification and did not perform job duties which are exempt from the mandate under the FLSA and/or the Ohio Wage Act to pay 150% of her regular rate for all hours she worked in excess of forty (40) in a workweek.

39. Defendants' violations of the FLSA and the Ohio Wage Acts are willful because Defendants do not have a good faith basis for the way they paid Plaintiff.

40. Defendants have failed to pay Plaintiff the wages she is owed for more than thirty (30) days.

## IV. CAUSES OF ACTION

**COUNT 1**
**FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY OVERTIME WAGES**

41. Plaintiff re-alleges, and incorporates by reference, the above paragraphs as if fully set forth herein.

42. During all times material to this Complaint, Plaintiff was Defendants' joint "employee" as defined by the FLSA, §203(e)(1).

43. During all times material to this Complaint, Defendants were Plaintiff's joint "employer" within the meaning of 29 U.S.C. §203(d).

44. Defendants, as described above, violated the Fair Labor Standards Act ("FLSA") 29 U.S.C. §207, by failing to pay Plaintiff at the appropriate overtime rate for all hours worked in excess of forty (40) per workweek.

45. Plaintiff was not exempt for receiving FLSA overtime benefits because inter alia, they are not "executive," "administrative," or "learned professional" employees, as those terms are defined under the FLSA. See 29 C.F.R. § 541.1, et seq.

46. Plaintiff should have been paid the correct overtime rate for all hours worked in excess of forty (40) hours per workweek during the three (3) years from the filing date of the Complaint.

47. During all times material to this Complaint, Defendants jointly employed Plaintiff to regularly work more than forty (40) hours in a workweek.

48. During all times material to this Complaint, Plaintiff did not receive compensation for all the hours she worked and 150% of her regularly rate for all hours she worked in excess of forty (40) in a workweek.

49. During all times material to this Complaint, Defendants willfully violated the FLSA by repeatedly failing to compensate the Plaintiff for all hours worked.

50. During all times material to this Complaint, Defendants willfully violated the FLSA by repeatedly failing to pay Plaintiff the legally mandated overtime premium at a rate no less than one and one-half Plaintiff's regular pay rate for all hours worked in excess of forty (40) worked in one workweek.

51. Defendants knew or should have known of the overtime payment requirements of the FLSA. Defendants willfully withheld and failed to pay the overtime compensation to which Plaintiff is entitled.

52. Defendants willfully violated the FLAS by having engaged in conduct which demonstrates a willful and/or reckless disregard for the provisions of the FLSA.

### COUNT II
### OHIO WAGE ACT
### FAILURE TO PAY OVERTIME WAGES

53. Plaintiff re-alleges, and incorporates by reference, the above paragraphs as if fully set forth herein.

54. The Ohio Wage Act provides that covered employees shall be compensated for every hour worked in one workweek. See R.C. §4111, et seq.; See also 29 U.S.C. §206(b).

55. The Ohio Wage Act provides that employees shall receive overtime compensation at rate "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) hours in one workweek, "in the manner and methods provided in and subject to the exemption of sections 7 and section 13 of the Fair Labor Standards Act of 1937." See R.C. §4111.03(A); 29 U.S.C. §207(a)(1).

56. During all times material to this Complaint, Defendants were joint "employers" covered by the Ohio Wage Act and have been thus required to comply with its mandates.

57. During all times material to this Complaint, Plaintiff was a joint covered "employee" of Defendants' pursuant to the Ohio Wage Act and thus entitled to the Ohio Wage Act's protections.

58. During all times material to this Complaint, Defendants willfully violated the Ohio Wage Act by repeatedly failing to compensate Plaintiff for all hours worked, including Defendants' repeated action of refusing to compensate Plaintiff for both hours worked within a workweek and all hours worked over forty hours in one workweek at a rate not less than one and one-half times their regular rate.

59. During all times material to this Complaint, Defendants failed to pay Plaintiff for all the hours she worked and did not pay her 150% of her regular rate for any hours she worked more than forty (40) in a workweek.

60. During all times material to this Complaint, Defendants willfully violated the Ohio Wage Act by repeatedly failing to pay Plaintiff for all the hours she worked and did not pay her 150% of her regular rate for any hours she worked more than forty (40) in a workweek.

61. Plaintiff was not exempt from the wage protections of Ohio Law. During relevant times, the Plaintiff was not exempt from receiving overtime because they were not an "executive,"

"administrative," "professional," "outside sales" or "computer" employee, as those terms are defined under the FLSA. See O.R.C. §4111.03(A); See also C.F.R. §541.0.

62. In violating the Ohio Wage Act, Defendants' acts and omissions have been of a willful, intentional, and bad faith nature of otherwise in reckless disregard of the Ohio Wage Act.

## COUNT III
## OHIO PROMPT PAY ACT
## FAILURE TO PROMPTLY PAY WAGES

63. Plaintiff re-alleges, and incorporates by reference, the above paragraphs as if fully set forth herein.

64. During all times material to this Complaint, Defendants were Plaintiff's joint "employer" and were required to comply with the Ohio Prompt Pay Act's provisions. See §4113.15.

65. The OPPA provides that employers shall pay covered employees all wages, including overtime, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. See R.C. §4113.15(A).

66. During all times material to this Complaint, Defendants have refused to pay Plaintiff's for all hours worked and has refused to pay Plaintiff all owed overtime wages at one and one-half times her normal hourly rate, within thirty (30) days of performing the work. See R.C. §4113.15(B).

67. Plaintiff's wages remain unpaid for more than thirty (30) days beyond her regularly scheduled payday.

68. Defendants' violations of the OPPA have been of a willful, intentional, or bad faith nature or had otherwise exhibited a reckless disregard of the OPPA's provisions.

## COUNT IV
### CIVIL PENALITIES FOR CRIMINAL ACTS
### O.R.C. §2307.60

69. Plaintiff re-alleges, and incorporates by reference, the above paragraphs as if fully set forth herein.

70. The Fair Labor Standards Act, 29 U.S.C. §216(a), imposes criminal penalties for willful violations of the FLSA.

71. By their acts and omissions described herein, Defendants have willfully violated the FLSA, and Plaintiff has been injured as a result.

72. O.R.C. §2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

73. As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to compensatory and punitive damages pursuant to O.R.C. §2307.60.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter the following relief:

1. An order awarding Plaintiff back pay equal to the amount of all unpaid overtime wages for up to three (3) years preceding the filing of this Complaint to the present, plus an additional equal amount in liquidated damages;

2. Awarding Plaintiff the sum of 6% of the total unpaid wages or $200.00 for each instance of failure to pay wages owed within thirty (30) days, whichever is greater, pursuant to the Ohio Prompt Pay Act, §4113.15(A);

3. Compensatory and punitive damages under O.R.C. §2307.60;

4. Pre-judgment and post-judgment interest;

5. An award of costs and expenses in this action, together with reasonable attorneys' fees and expert fees; and,

6. Any of relief to which Plaintiff may be entitled.

Dated: August 4, 2023                                    Respectfully Submitted,

**BARKAN MEIZLISH DEROSE COX, LLP**

*/s/ Robert E. DeRose*
Robert E. DeRose (OH Bar No. 0055214)
4200 Regent Street, Suite 210
Columbus, OH 43219
Phone: (614) 221-4221
Facsimile: (614) 744-2300
bderose@barkanmeizlish.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff requests a trial by jury on all her claims.

*/s/ Robert E. DeRose*
Robert E. DeRose