## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**TARA B. HESTER,**

      **Plaintiff,**

                              **Case No. 1:23-cv-496**

      v.

                              **JUDGE DOUGLAS R. COLE**

**MICHAEL L. GORDON, et. al,**

      **Defendants.**

## ORDER

Plaintiff Tara Hester worked as a dental assistant for Defendants Michael Gordon and his dentistry practice (Michael L. Gordon, D.M.D., Inc.) (collectively Gordon). (Compl., Doc. 1, #4). Hester alleges that she was a non-exempt employee, who worked for $24.50 an hour. (*Id.*). Her duties included everything from preparing patients for appointments to performing some dental care to acting as office receptionist. (*Id.*). Hester alleged that Gordon required her to work after she clocked out, failed to compensate her for travel time between office locations, and failed to pay her overtime. (*Id.* at #4–5). Hester eventually brought this suit, in which she raised claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, the Ohio Wage Act, Ohio Rev. Code § 4111, *et seq.*, the Ohio Prompt Pay Act, Ohio Rev. Code § 4113, *et. seq.*, and sought civil penalties under Ohio Rev. Code § 2307.60. (*Id.* at #7–11). She did not file the matter as a putative collective FLSA action or class action. Rather, the case was always solely between Hester and Gordon.

Before the parties engaged in extensive discovery, they agreed to settle. They now move the Court to approve their settlement agreement. (Mot., Doc. 8). Under the settlement agreement, Gordon agrees to pay Hester $6,000, of which $2,000 will go to her attorney, leaving $4,000 net for Hester alone. (Proposed Settlement Agmt., Doc. 8-1, #48). According to the joint motion, the $4,000 take-home amount represents 65% of the total unpaid wages Hester claims she was owed. (Doc. 8, #42). The $2,000 attorneys' fee goes towards both compensation and litigation expenses. (*Id.* at #44). It represents one-third of the settlement amount, and less than one-fourth of counsel's market rate. (*Id.* (attorney estimates his fees total around $8,245)).

While the Sixth Circuit has not directly addressed whether FLSA settlements involving only one individual plaintiff's claims require court approval, at least some other circuits have held that such approval is necessary. *Steele v. Staffmark Invs., LLC*, 172 F. Supp. 3d 1024, 1026 (W.D. Tenn. 2016) (collecting cases and noting a circuit split). Various district court cases within this district likewise seem to suggest that approval is necessary. *E.g.*, *Camp v. Marquee Constr., Inc.*, 2:18-cv-831, 2020 WL 59517, at * 1 (S.D. Ohio Jan. 6, 2020) ("FLSA cases require court approval, even where only one litigant's rights are implicated."). And this Court itself has recently followed this practice. *Burns v. North Star Painting Co., Inc.*, No. 1:23-cv-123 (Doc. 19) (S.D. Ohio Oct. 6, 2023) (Cole, J.). Thus, consistent with its past practice, the Court will evaluate whether the proposed settlement is fair and reasonable.[*]

---

[*] Because the action and attendant settlement involve only individual claims, the Court need not consider fairness under the Class Action Fairness Act, 28 U.S.C. §§ 1711–15, 1332, 1453.

A court reviewing a FLSA settlement should consider "[t]he existence of a bona fide dispute[,] … the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement." *Edwards v. City of Mansfield*, No. 1:15-cv-959, 2016 WL 2853619, at *3 (N.D. Ohio May 16, 2016) (citation omitted). Applying these factors, the Court concludes the proposed settlement is fair. Gordon admits no liability and still maintains that Hester is an exempt employee—a quintessential legal dispute. The parties were represented by counsel and engaged in arms-length negotiations before reaching a settlement, which suggests there is little risk of fraud or collusion. (Doc. 8, #45). Given the small value of the damages sought, the parties were wise to reach an early settlement, as any discovery expenses would likely have surpassed the value of the entire suit. The outcome of litigation was uncertain, as the legal question of Hester's exempt-status was contested and still required adjudication. And the public interest favors early resolution of litigation, especially where attorneys' fees risk swamping the entire value of the underlying suit.

Next, the Court considers the amount of attorneys' fees under the settlement, which must also be reasonable. *Edwards*, 2016 WL 2853619, at *3. There are two methods for determining whether proposed attorneys' fees are appropriate: the lodestar method and the percentage-of-the-fund method. *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 498 (6th Cir. 2011). The lodestar amount "is calculated by multiplying the number of hours reasonably expended on the litigation

by a reasonable hourly rate." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008). When using the percentage-of-the-fund method, "the district court assigns a proportion of the total settlement to counsel." *Smyers v. Ohio Mulch Supply Inc.*, Nos. 21-3008/09, 2021 WL 2774665, at \*2 (6th Cir. July 1, 2021).

The fee here is reasonable under either method. For one, the award is one-third of the settlement amount, and "Courts in this Circuit generally approve of awards that are 1/3 of the total settlement." *Smyers v. Ohio Mulch Supply, Inc.*, Nos. 2:17-cv-1110, 19-cv-1632, 2020 WL 7974306, at \*3 (S.D. Ohio Dec. 4, 2020), *vacated in part on other grounds*, 2021 WL 2774665. For another, the lodestar calculation provided reasonable compensation based on Hester's counsel having worked 22.2 hours on the matter. (Doc. 8-2, #57). The Court finds the number of hours expended to be reasonable, accounting for the investigation of the claim, drafting of the complaint, and the settlement negotiations. And the Court finds the implied rate to be reasonable as well. The $2,000 award, minus $410 in litigation expenses, lends an hourly return of approximately $72 ($1590/22.2 hours)—a modest hourly rate for most lawyers in this District. (*Id.*).

For the reasons stated, the Court **GRANTS** the joint motion to approve the settlement (Doc. 8) and accordingly **APPROVES** the settlement agreement. The Court **DISMISSES** Hester's complaint **WITH PREJUDICE**, with each party to bear its own attorneys' fees and costs, except as otherwise provided for in the settlement agreement. The Court **DIRECTS** the Clerk to **TERMINATE** this matter on the Court's docket.

**SO ORDERED.**

December 7, 2023
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**